## JOSEPH ANTHONY *versus* NATHANIEL WILSON *et al.*

In trespass *quare clausum* the defendant pleaded a license; upon which the plaintiff took issue. *Held*, that the plaintiff might prove that the license was obtained by fraud, without replying fraud specially, a license so obtained being not voidable, but void.

TRESPASS for breaking and entering the plaintiff's close and dwelling-house, and making search without authority. The defendants pleaded a special plea of license, to which the plaintiff replied generally, denying the license.

At the trial, before *Wilde* J., evidence was offered tending to show, that if license was given by the plaintiff to the defendants to enter the house, it was in consequence of a representation that they had a search warrant, and that the plaintiff at first forbid them.

The jury were instructed, that if they were satisfied that the plaintiff at first forbid the defendants' entering the house, and that they then showed him a paper representing it to be an authority to search, and he, believing they had such authority,

gave them leave to enter, this would support the defendant's plea, although they had no such authority.

If this ruling was incorrect, a new trial was to be granted.

*Washburn*, for the plaintiff, said that a license obtained by fraud was void and not voidable only, and therefore it was not necessary to reply the fraud specially. Chit. Contr. 222; *Tresham's case*, 9 Co. 110; Gould on Pl. 152; *Johnson v. Carter*, 16 Mass. R. 445; Stephen on Pl. 350; Chit. Pl. 565, 599; 1 Wms's Saund. 300 *a*; *Oysted* v. *Shed*, 12 Mass. R. 508; *Lambert* v. *Atkins*, 2 Campb. 272; Bul. N. P. 172; Saund. Pl. and Ev. 527; 2 Stark. Ev. 479.

*Newton* and *Lincoln*, for the defendants, cited 2 Saund. Pl. and Ev. 857; 1 Chit. Pl. 514; *Sayre* v. *Rochford*, 2 W. Bl. 1165; 3d res. in *Crogate's case*, 8 Co. 67; 5 Dane's Abr. 613, § 7; Bac. Abr. *Tresp. I* 4; *Jones* v. *Kitchin*, 1 Bos. & Pul. 76; 2 Wms's Saund. 294, note; *Dorr* v *Munsell*, 13 Johns. R. 430; *Dawes* v. *Winship*, 16 Mass. R. 291.

PUTNAM J. delivered the opinion of the Court. The issue joined was upon the license, and it was for the defendant to prove it; but the evidence proved that it was obtained by the fraud of the defendant; and the question is, whether the plaintiff should have replied specially that the license was obtained by fraud, or may deny the license (as he has done in his replication) and give the fraud in evidence to avoid the alleged license.

And this depends upon the question, whether such evidence would render the license voidable, or absolutely void.

If it were voidable only, then the cause for avoiding it should have been specially set forth in the replication. As if the license had been given, but had been revoked before the trespass, or if the license had been exceeded, or if it had been abused. There the revocation, the excess or the abuse should be specially set forth in the replication, which should conclude with a verification, to the end that the defendant might have an opportunity of denying the special matter so replied. 1 Wms's Saund. 300 *a*. In all those instances the license, whether it were by the plaintiff or by the law, was originally good, to a certain extent.

But it is otherwise where the license was merely void *ab initio*. In such a case the party may legally deny that he ever gave any license at all. If it were merely void, it may be considered as if it never had any existence.

So the rule of pleading would be in regard to specialties If the defendant were a feme covert, and so had no legal capacity to make the bond ; or if the defendant were at the time a lunatic, and for that reason had no legal capacity to contract ; such a party may plead *non est factum*, and the evidence of the coverture or of the lunacy would maintain the plea. The deeds in those cases would be originally absolutely or merely void. So if the deed were obtained by fraud, the defendants may plead *non est factum*. 1 Chit. Pleading, (Day's edit.) 479 ; Com. Dig. *Pleader*, 2 *W* 18 ; Lambert v. *Atkins*, 2 Campb. 272. In *James* v. *Fowks*, 12 Mod. 101, the court said that such matter of law as amounts to the general issue, *may be pleaded* or *given in evidence*, as the defendant pleases, for the matter of law in that case is matter of fact which avoids the action. If the deed be fraudulently misread, the defendant may plead that it is *not his deed* ; and so if there were a fraudulent substitution of one deed for another, and the signature be put to that which the party did not intend to execute. *Dorr* v. *Munsell*, 13 Johns. R. 431, *per Spencer C. J.*

In those cases, there was a deed apparently well executed, and in the case at bar, there was an apparent license, but it being proved that they were obtained by fraud, they are to be held as if no deeds and no license had been given.

In the case at bar, if the plaintiff consented to have the defendant enter his house, it was upon his representation that he had a legal search warrant. The plaintiff supposed he was submitting to legal process, when in fact he was deceived by the fraudulent representation of the defendant. There was no license, independently of the search warrant which the defendant pretended to have, and that pretence failing, the license which was bottomed upon it, fails also.

The plaintiff may in pleading as well deny that he gave any license, as he might that he made any deed, which was obtained by fraud. In legal intendment, there was no license at all.

26 *

Anthony
*v.*
Wilson.

Anthony
v.
Wilson.

We are therefore all of opinion, that the verdict must be set aside and a new trial granted.